DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
On September 5, 1997, George Holliday, Jr. was adjudicated a sexual predator, pursuant to R.C. 2950.09(B)(1). He appeals from that adjudication, and assigns as error that (1) his adjudication was a violation of his procedural due process rights under both the United States and Ohio Constitutions; (2) his adjudication by a judge violates his right to a trial by jury; (3) the sexual predator statute, as applied to an individual who committed the sexual offenses prior to the effective date of the statute, violates the constitutional prohibitions on ex post facto and retroactive laws. We overrule all his assignments of error, and affirm the judgment of the trial court.
 I
On September 5, 1997, Holliday pled guilty to, and was convicted of, four counts of attempted rape, four counts of attempted felonious sexual penetration, and one count of gross sexual imposition. All the acts for which he was convicted were committed prior to December 13, 1995. He was adjudicated a sexual predator at his sentencing hearing, held the same day.
 II Due Process
"Due process under the Ohio and United States Constitutions demands that the right to notice and an opportunity to be heard must be granted at a meaningful time and in a meaningful manner where the state seeks to infringe a protected liberty or property interest." State v.Hochhausler (1996), 76 Ohio St.3d 455, 459, citing, interalia, Boddie v. Connecticut (1971), 401 U.S. 371, 378,28 L.Ed.2d 113, 119. Beyond the minimum requirement that the state afford notice and a meaningful opportunity to be heard, the process that is due varies depending on the importance of the interest and the circumstances of the deprivation. Id.
citing Walters v. Natl. Assn. of Radiation Survivors (1985),473 U.S. 305, 320, 87 L.Ed.2d 220, 232. With respect to the importance of the interest, the Ohio Supreme Court has determined that the sexual predator classification is remedial, rather than punitive, and only imposes compliance with de minimis procedural requirements. State v. Cook
(1998), 83 Ohio St.3d 404, 412-413. The Ohio Supreme Court has compared the proceeding at which the adjudication is made to a sentencing or a probation hearing at which the individual is not entitled to all the procedural rights afforded a criminal trial defendant. Cook,83 Ohio St.3d at 425.
The procedural requirements of the sexual predator law are set forth in R.C. 2950.09(B)(1), which provides in relevant part:
 The court shall give the offender and the prosecutor who prosecuted the offender for the sexually oriented offense notice of the date, time, and location of the hearing. At the hearing, the offender and the prosecutor shall have an opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender is a sexual predator. The offender shall have the right to be represented by counsel and, if indigent, the right to have counsel appointed to represent the offender.
R.C. 2950.09(B)(1) provides the offender with notice, and an opportunity to be heard. It also gives the defendant rights to counsel, to present evidence, and to cross-examine witnesses. The procedural protections afforded the defendant are similar to those in a probation hearing. State v. Ward (Jan. 28, 1999), Cuyahoga App. No. 72371, unreported.
Holliday has not contended that the court did not follow the procedures outlined in R.C. 2950.09(B)(1). He has made vague assertions that "[t]he court's classification of [him] as a sexual predator substantially violates his rights to procedural due process of law." He has not provided any guidance as to what process he believed he was entitled, but denied.[1] Because the Ohio Supreme Court has determined that the sexual predator statutes are remedial rather than punitive in nature, the procedural guarantees contained in R.C. 2950.09(B)(1) are sufficient to protect Holliday's constitutional rights to procedural due process. His first assignment of error is overruled.
 Right to a Trial by Jury
Section 5, Article I of the Ohio Constitution provides that "the right of trial by jury shall be inviolate[.]" "It was not, however, the intention of the framers of that clause of the Bill of Rights to guarantee the right of trial by jury in all controversies. That guaranty only preserves the right of trial by jury in cases where under the principles of the common law it existed previously [sic] to the adoption of the Constitution." Belding v. State, ex rel. (1929), 121 Ohio St. 393,396. Section 10, Article I provides that "[i]n any trial, in any court, the party accused shall be allowed * * * a speedy public trial by an impartial jury * * *." Neither constitutional provision guarantees the right to be sentenced by a jury, nor was sentencing a jury function at common law.State v. Gumm (1995), 73 Ohio St.3d 413, 430. The same is true under the federal constitution. McMillan v.Pennsylvania (1986), 477 U.S. 79, 93, 91 L.Ed.2d 67, 81, citing Spaziano v. Florida (1984), 468 U.S. 447, 459,82 L.Ed.2d 340, 351-352. The Ohio Supreme Court has explicitly compared sexual predator adjudication to sentencing. Cook,83 Ohio St.3d 404, 425. Just as there is no constitutional right to a jury trial with respect to sentencing, neither the Ohio Constitution nor the United States Constitution guarantees the right to jury adjudication of sexual predator status.
 C. Ex Post Facto and Retroactivity
The Ohio Supreme Court has determined that R.C. 2950.09(B)(1) does not violate either the Ex Post Facto clause of Section 10, Article I of the United States Constitution, or the Retroactivity Clause of Section 28, Article II of the Ohio Constitution. Cook, 83 Ohio St.3d at paragraphs one and two of the syllabus. On the authority of its decision, we overrule Holliday's third assignment of error.
 III
We overrule Holliday's first assignment of error because the procedures outlined in R.C. 2950.09(B)(1) adequately protect his due process rights with respect to the remedial classification as a sexual predator. Holliday does not have a constitutional right to have a jury determine whether or not he is a sexual predator, because adjudication as a sexual predator was not a jury function at common law; we overrule his second assignment of error. Finally, we overrule his third assignment of error because the Ohio Supreme Court has already determined that R.C. 2950.09(B)(1) does not violate the prohibition on ex post facto and retroactive laws. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Lorain Court of Common Pleas to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. ___________________________ WILLIAM R. BAIRD
FOR THE COURT
SLABY, J.
CARR, J.
CONCUR
[1] Holliday's clearest articulation of his concerns, ironically, is that "the violation of the administrative or procedural mandates imposed on a `sexual predator' give rise to a new punishable offense without indictment and without the constitutional protection of a trial by jury or other constitutionally mandated rights to procedural due process." This challenge is not ripe until such a violation occurs.